The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on the following questions:
 1. When county employees are evaluated by an elected official, may the quorum court require that a copy of the evaluation be placed in a central location such as a personnel department?
 1. If your response to the above is affirmative, are the evaluations public record and subject to FOI?
Although a conclusive answer to your first question would require reference to the particular ordinance or other measure imposing such a requirement, it is my opinion as a general matter that the answer is "yes." The most likely source of general authority in this regard is found in A.C.A. § 14-14-802, wherein it provides:
 (a) A county government, acting through the county quorum court, shall provide, through ordinance, for the following necessary services for its citizens:
* * *
 (4) Court and public records management, as provided by law, including registration, recording, and custody of public records[.]
A.C.A. § 14-14-802(a)(4) (1987).
Again, the specific requirement would have to be reviewed to determine whether it reasonably falls within § 14-14-802(a)(4). The question may arise: What is the purpose for such a requirement? I believe the quorum court could reasonably determine, for instance, that centralization of employee evaluation records is in furtherance of its mandate to provide for the management of public records as a part of necessary services for its citizens. It must be recognized, however, that the day-to-day administrative responsibility of each county office continues to rest within the discretion of the elected county officials. A.C.A. §14-14-805(3) (1987). I believe it is unlikely that merely requiring placement of a copy of employee evaluation records in a central location would run afoul of § 14-14-805(3). This administrative authority of each elected official should, however, be noted.
In response to your second question, it is clear in my opinion that the location of employee evaluation records is generally not dispositive of the question of the records' releaseability under the Arkansas Freedom of Information Act ("FOIA"). See, e.g., Op. Att'y Gen. Nos. 92-237 and 91-323. Assuming that the particular record in question in a specific instance is, in fact, an "employee evaluation" record for purposes of the FOIA (see A.C.A. § 25-19-105(c)), then such record:
 . . . shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the record form[s] a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in [its] disclosure.
A.C.A. § 25-19-105(c)(1) (Repl. 1996).
In response to your specific question, therefore, public access to employee evaluation records is governed by A.C.A. § 25-19-105(c)(1) and not by their placement in a central location pursuant to a quorum court requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh